Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Joshua D. Klein (SBN: 322099)
jklein@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone No.: (562) 590-5550
Facsimile No.: (562) 590-8400

Attorneys for Plaintiff ATHIR SHAMON, individually and on behalf of all employees similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHIR SHAMON, individually and on behalf of all employees similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>LEXICON CONSULTING, INC., and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>1. Failure to Pay Minimum Wage Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*); and<br>2. Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ATHIR SHAMON (hereinafter "Plaintiff"), individually and on behalf of all other similarly situated hourly non-exempt employees, hereby complains against Defendant, LEXICON CONSULTING, INC., a California corporation, (hereinafter "Defendant"); and DOES 1-10, inclusive (hereinafter collectively referred to as "Defendants"), and on information and belief alleges as follows:

## **PRELIMINARY STATEMENT**

1.    This is a civil action seeking recovery of unpaid wages and overtime compensation by Plaintiff on behalf of all employees similarly situated. Plaintiff alleges that Defendant's failure to pay overtime was, and continues to be, in violation of the Fair Labor Standards Act ("FLSA"), Title 29 of the United States Code, sections 201, *et seq*.

2.    Plaintiff brings this action on behalf of the FLSA Collective Class, which consists of all non-exempt employees of Defendant, who were not fully compensated for all work performed by Defendant, in the three-year period preceding the filing of this complaint, through entry of judgment (the "Relevant Time Period.") Plaintiff seeks recovery of damages for Defendant's failure to pay minimum and overtime wages pursuant to the FLSA, 29 U.S.C. sections 206, 207, and 29 C.F.R. section 778.315.

3.    Plaintiff alleges that Defendant, as a result of its uniform policies and practices, failed to pay any wages to Plaintiff and the FLSA Collective Class for time spent traveling while Plaintiff and the FLSA Collective Class remained under the direction and control of Defendant. Because Plaintiff and the FLSA Collective Class regularly worked in excess of forty (40) hour per week for Defendant, Plaintiff further alleges that Defendant failed to compensate Plaintiff and the FLSA Collective Class at an overtime rate of pay of one-and-a-half (1.5) times the regular rate of pay for these activities.

4.    At all relevant times herein, Defendant has consistently maintained

and enforced against Plaintiff and the FLSA Collective Class the following unlawful practices and policies: (1) willfully refusing to pay Plaintiff and the FLSA Collective Class for all hours worked; and (2) willfully refusing to pay Plaintiff and the FLSA Collective Class at the proper overtime rate of pay for all hours worked.

## JURISDICTION AND VENUE

5.     Title 28 of the United States Code, section 1331, grants federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." This action is brought pursuant to rights granted under the FLSA, Title 29 of the United States Code, section 201, *et seq*. This Court accordingly has subject matter jurisdiction pursuant to Plaintiff's assertion of rights arising under the laws of the United States.

6.     Title 29 of the United States Code, section 1391, subdivision (b), allows a Plaintiff to lay venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located…" *Id*. Defendants are all residents of the State of California, and the County resides within the Central District of California. Accordingly, venue within the Central District is proper as to all Defendants.

## THE PARTIES

### A.     The Plaintiff

7.     Plaintiff ATHIR SHAMON is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was, and currently is, a California resident. Plaintiff was employed by Defendant to perform duties at Fort Irwin in the city of Barstow, California. Plaintiff performed duties at Fort Irwin from on or about January 2015, through January 2020. At all relevant times herein, Plaintiff was employed by Defendant in a non-exempt hourly position as cultural advisor/role player for members of the United States Armed Forces.

8.     Each member of the FLSA Collective Class is an identifiable, current and/or former similarly-situated person employed by Defendant as a non-exempt

employee during the Relevant Time Period.

**B.    The Defendants**

9.    Defendant LEXICON CONSULTING, INC. is and/or was the employer of Plaintiff and the FLSA Collective Class. At the time of Plaintiff's employment, Defendant was registered as a corporation in the State of California and was authorized to do business in the State of California.

10.    Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief allege that said Defendants are legally responsible for the payment of regular and overtime compensation to the Plaintiff by virtue of their unlawful practices, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

11.    Defendants operate as a joint venture and/or single business enterprise, and are agents of one another, are alter egos, joint employers and conspire with one another to increase profits by engaging in the conduct described in this complaint.

12.    Plaintiff are informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff.

13.    Plaintiff are informed and believe, and based thereon allege, that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission

and consent of the co-Defendants. Plaintiff also allege the acts of each Defendant are legally attributable to the other Defendants.

14.     Plaintiff are informed and believes, and based thereon allege, that each of the Defendants sued herein was, at all relevant times hereto, the employer, owner, shareholder, principal, joint venture, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent and knowledge, approval and/or ratification of the other Defendants. The above co-Defendants, managing agents, and supervisors aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts described herein.

## STATEMENT OF FACTS

15.     During all, or a portion of the Relevant Time Period, Defendant was Plaintiff and the FLSA Collective Class's "employer" within the meaning of the FLSA, section 203, subdivision (d). Defendant exercised control over the manner of Plaintiff and the FLSA Collective Class's employment by specifying the hours Plaintiff and the FLSA Collective Class were permitted to work, and determining whether or not overtime wages would be paid.

16.     Plaintiff performed duties at Fort Irwin in Barstow, California, from on or about January 2015, through January 2020, as a cultural advisor/role player for members of the United States Armed Forces.

17.     Throughout Plaintiff's employment with Defendant, Plaintiff would receive assignments from Defendant which stationed Plaintiff stationed at a barracks located on Fort Irwin. At the start of his shift while at the barracks, Plaintiff would obtain a briefing on his training exercises for the day, the estimated time to complete the exercises, and the location where those exercises would take place. Training locations were located on average approximately one and a half (1.5) hours away from the barracks. Plaintiff was thus required to drive approximately three (3)

hours per day from the barracks to training exercises, and back to the barracks. However, Plaintiff was not compensated for any time spent traveling from the barracks to the training exercises, and from the exercises back to the barracks.

18.     Defendant had a policy and practice of not recording Plaintiff's hours worked. Instead, Defendant merely assumed a set amount of time which Plaintiff would be assigned to participate in roleplaying exercises. In actuality, the amount of time which Plaintiff participated in these exercises fluctuated, and on information and belief, Plaintiff alleges that he spent more time performing duties for Defendant than he was actually compensated for, therefore resulting in time spent performing duties for Defendant which was not compensated.

19.     Thus, for example, Plaintiff might start his duties for the day at 7:00 a.m. by receiving a briefing at the barracks that he was assigned ten (10) hours of training exercises. He would then leave the barracks and drive to the training location, arriving at approximately 8:30 a.m. Assuming training exercises did not exceed ten (10) hours, he would complete his exercises by approximately 6:30 p.m. Following the completion of his training exercises, he would then drive back to the barracks for a debriefing, arriving at around 8:00 p.m. Plaintiff thus would have been under Defendant's direction and control for a total of thirteen (13) hours, but would have only been paid for the ten (10) hours which Defendant allocated only for the training exercises.

20.     The FLSA provides that all hours worked in a week in excess of forty (40) in one week are considered overtime hours. (29 CFR § 778.101.) Under the FLSA, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed." (29 CFR § 778.107.)

21.     During the Relevant Time Period, Defendants suffered and permitted Plaintiff and the FLSA Collective Class to work more than forty (40) hours per work week. Thus, all unpaid wages described herein should have been compensated not simply at Plaintiff's regular rate of pay, but in fact at one and one-half times per

the FLSA.

22.     Plaintiff alleges that Defendants were aware of Plaintiff and the FLSA Collective Class's actual hours worked by virtue of their assignment of Plaintiff and the FLSA Collective Class's daily work duties, including the location of those duties, while willfully compensating Plaintiff and the FLSA Collective Class only for those hours which Defendants estimated Plaintiff and the FLSA Collective Class would work at each training location, as opposed to also including travel time within compensation provided to Plaintiff and the FLSA Collective Class. Plaintiff therefore alleges that Defendants willfully violated the FLSA by failing to compensate Plaintiff and the FLSA Collective Class both at least at a minimum wage rate for all hours worked, as well as at the overtime rate specified by the FLSA for all hours worked in excess of forty (40) per week.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under the FLSA. (29 USC § 216, subd. (b).) Plaintiff has provided a consent form to be a party plaintiff to this action, attached hereto as Exhibit A.

24.     29 U.S.C. section 206 provides that an employer must pay the applicable minimum wage.

25.     29 U.S.C. section 207 provides that overtime is to be paid at one and one-half times the employee's regular rate of pay.

26.     29 C.F.R. section 778.315 states:

> *In determining the number of hours for which overtime compensation is due, all hours worked* (see section 778.223) *by an employee for an employer in a particular workweek must be counted*. Overtime compensation, at a rate not less than one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. ***This extra compensation for the excess hours***

*of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied)* or under any applicable statute *has been paid.* (29 C.F.R. section 778.315) (emphasis added.)

27.   29 C.F.R. section 778.316 states:

…Since a lower rate cannot lawfully be set for overtime hours it is obvious that the parties cannot lawfully agree that the working time will not be paid for at all. An agreement that only the first 8 hours of work on any days or only the hours worked between certain fixed hours of the day or only the first 40 hours of any week will be counted as working time will clearly fail of its evasive purpose…. (*see* 29 C.F.R. section 778.316.)

28.   29 C.F.R. section 778.317 states "An agreement not to compensate employees for certain nonovertime hours stands on no better footing since it would have the same effect of diminishing the employee's total overtime compensation." (*see* 29 C.F.R. section 778.317.)

29.   The proposed FLSA Collective Class is defined as follows:

All current and former non-exempt employees of Defendants who were not fully compensated for all work performed by Defendant, in the three-year period preceding the filing of this complaint, through entry of judgment.

30.   Plaintiff reserves the right to amend the proposed Collective Class description with greater specificity or division into subclasses or limitation to particular issues.

31.   Plaintiff and the proposed FLSA Collective Class were and/or are hourly non-exempt employees who were employed under an express and implied contract to receive compensation for all time worked.

/ / /

/ / /

### FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGES**

**FAIR LABOR STANDARDS ACT**

**29 U.S.C. §§ 201, *et seq.***

**(Plaintiff and all similarly situated employees against all Defendants)**

32.    Plaintiff incorporates by reference the above paragraphs as though fully alleged herein.

33.    This claim is brought pursuant to 29 U.S.C. section 206, which requires employers to pay all non-exempt employees at least the minimum wage for all hours worked.

34.    29 U.S.C., section 216 provides that "[a]ny employer who violates the provisions of Section 206 or 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

35.    As alleged above, Plaintiff was required to drive approximately three (3) hours per day from the barracks to training exercises, and back to the barracks. However, Plaintiff was not compensated for any time spent traveling from the barracks to the training exercises, and from the exercises back to the barracks.

36.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

37.    Neither Defendant and Plaintiff, nor Defendant and any member of the FLSA Collective Class, entered into any agreement, express or implied, pertaining to the payment or non-payment of overtime compensation.

38.    Defendant's policies and practices alleged herein violate the FLSA's minimum wage compensation requirements including, but not limited to, 29 U.S.C. sections 206, 2017 and 29 C.F.R. section 778.315.

39.    Defendant's policies and practices, as alleged herein, constitute a

willful violation of the FLSA, within the meaning of 29 U.S.C. section 255. Defendant knew that its conduct violated the FLSA, or showed reckless disregard as to whether its conduct violated the FLSA.

40.     Plaintiff, on behalf of himself and the FLSA Collective Class, seeks damages in the amount of all unpaid compensation owed to himself and the FLSA Collective Class, liquidated damages as provided by the FLSA, interest, and such other legal and equitable relief as the Court deems just and proper. (29 USC § 216(b).)

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**FAIR LABOR STANDARDS ACT**

**29 U.S.C. §§ 201, *et seq.***

**(Plaintiff and all similarly situated employees against all Defendants)**

41.     Plaintiff incorporates by reference the above paragraphs as though fully alleged herein.

42.     This claim is brought pursuant to 29 U.S.C. section 20, which requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek.

43.     29 U.S.C., section 216 provides that "[a]ny employer who violates the provisions of Section 206 or 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

44.     29 C.F.R. section 778.315 states:

> In determining the number of hours for which overtime compensation is due, all hours worked (see section 778.223) by an employee for an employer in a particular workweek must be counted. Overtime compensation, at a rate not less than one and

one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the non-overtime hours under his contract (express or implied) or under any applicable statute has been paid. (29 C.F.R. section 778.315) (emphasis added.)

45.   29 C.F.R. section 778.316 states:

…Since a lower rate cannot lawfully be set for overtime hours it is obvious that the parties cannot lawfully agree that the working time will not be paid for at all. An agreement that only the first 8 hours of work on any days or only the hours worked between certain fixed hours of the day or only the first 40 hours of any week will be counted as working time will clearly fail of its evasive purpose…. (see 29 C.F.R. section 778.316)

46.   29 C.F.R. section 778.317 states "An agreement not to compensate employees for certain nonovertime hours stands on no better footing since it would have the same effect of diminishing the employee's total overtime compensation." (see 29 C.F.R. section 778.317)

47.   Plaintiff and the FLSA Collective Class worked more than forty (40) hours per week, without being paid the proper overtime pay as required by the FLSA.

48.   Neither Defendant and Plaintiff, nor Defendant and any member of the FLSA Collective Class, entered into any agreement, express or implied, pertaining to the payment or non-payment of overtime compensation.

49.   Defendant's policies and practices alleged herein violate the FLSA's minimum wage and overtime compensation requirements including, but not limited to, 29 U.S.C. sections 206, 2017 and 29 C.F.R. section 778.315.

50.   Defendant's policies and practices, as alleged herein, constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. section 255.

Defendant knew that its conduct violated the FLSA, or showed reckless disregard as to whether its conduct violated the FLSA

51.    As alleged above, Plaintiff was required to drive approximately three (3) hours per day from the barracks to training exercises, and back to the barracks. However, Plaintiff was not compensated for any time spent traveling from the barracks to the training exercises, and from the exercises back to the barracks.

52.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

53.    During the Relevant Time Period, Defendants suffered and permitted Plaintiff and the FLSA Collective Class to work more than forty (40) hours per work week. Thus, all unpaid wages described herein should have been compensated not simply at Plaintiff's regular rate of pay, but in fact at one and one-half times per the FLSA.

54.    Plaintiff, on behalf of himself and the FLSA Collective Class, seeks damages in the amount of all unpaid overtime compensation owed to himself and the FLSA Collective Class, liquidated damages as provided by the FLSA, interest, and such other legal and equitable relief as the Court deems just and proper. (29 USC § 216, subd. (b).)

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1.    For nominal damages;

2.    For compensatory damages;

3.    For economic and/or special damages in an amount according to proof with interest thereon;

4.    For damages, monetary relief, wages, premiums, reimbursements, benefits and penalties, including interest thereon;

5.    For restitution of all monies due to Plaintiff and the FLSA Collective Class, and disgorged profits from the unlawful business practices of Defendant;

6.     For liquidated damages;

7.     For interest accrued to date;

8.     For injunctive relief, enjoining Defendant from further engaging in the unlawful and unfair business practices complained herein;

9.     For declaratory relief, declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees to which Plaintiff and the FLSA Collective Class are entitled;

10.    For costs of suit and expenses incurred herein pursuant to the FLSA, Title 29 of the United States Code, section 216, subdivision (b);

11.    For reasonable attorney's fees pursuant to the FLSA, Title 29 of the United States Code, section 216, subdivision (b); and

12.    For all such other and further relief as the Court may deem just and proper.

Dated: October 30, 2020          **MAHONEY LAW GROUP, APC**

                                 */s/ Joshua D. Klein*
                                 Kevin Mahoney
                                 Joshua D. Klein
                                 Attorneys for Plaintiff ATHIR SHAMON,
                                 individually and on behalf of all employees
                                 similarly situated.

COLLECTIVE ACTION COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff ATHIR SHAMON hereby demands a jury trial on all issues so triable.

Dated: October 30, 2020                    **MAHONEY LAW GROUP, APC**


_/s/ Joshua D. Klein_
Kevin Mahoney
Joshua D. Klein
Attorneys for Plaintiff ATHIR SHAMON,
individually and on behalf of all employees
similarly situated.